12-1785-cv
Al-Khazraji v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT:     JOHN M. WALKER, JR.,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

OMRAN AL-KHAZRAJI,

                        *Plaintiff - Appellant*,

          v.                                        No. 12-1785-cv

UNITED STATES OF AMERICA,

                        *Defendant - Appellee.*[*]

_____

FOR APPELLANT:     PATRICK J. BROWN, LoTempio & Brown, P.C.,
                   Buffalo, N.Y.

FOR APPELLEE:      JANE B. WOLFE, Assistant United States Attorney, *for*
                   William J. Hochul, Jr., United States Attorney for the Western
                   District of New York, Buffalo, N.Y.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the February 28, 2012 judgment of the district court is AFFIRMED.

Plaintiff-appellant Omran Al-Khazraji appeals from the judgment of the district court entered February 28, 2012, dismissing his amended complaint with prejudice for lack of subject matter jurisdiction. In 2006, Al-Khazraji was injured while participating in a military training simulation at a United States army base. When his administrative tort claim was denied by the Department of the Army, Al-Khazraji commenced the instant action under the Federal Tort Claims Act ("FTCA").[1] The district court granted the government's motion to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, finding that the claim did not fall within the FTCA's waiver of the United States' sovereign immunity.

"Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error and its legal conclusions de novo." Shabaj v. Holder, 704 F.3d 234, 237 (2d Cir. 2013) (internal quotation marks omitted). While sovereign immunity shields the United States from being sued without its consent, the FTCA waives this immunity for claims arising from injury "caused by the negligent or wrongful act or omission" of a federal employee "acting within

---

[1] While Al-Khazraji initially sued the Department of the Army, he concedes that the United States should be substituted as the defendant. See 28 U.S.C. § 2679(a) (stating that suits against an individual federal agency are not authorized under the FTCA).

the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence," and the "United States' waiver of immunity under the FTCA is to be strictly construed in favor of the government." Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012) (internal quotation marks omitted).

As Al-Khazraji was injured in New Jersey, we look to New Jersey law to determine liability. Under New Jersey's Workers' Compensation Act ("WCA"), when employees receive workers' compensation benefits from an employer, they "relinquish[] their right to pursue common-law remedies." Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 458 (2012) (internal quotation marks omitted); see also N.J. Stat. Ann. § 34:15-8. "New Jersey courts have liberally construed the term 'employee'" in the Act "to bring as many cases as possible within [its] scope," and to permit one employee to have multiple employers for workers' compensation purposes. Marino v. Indus. Crating Co., 358 F.3d 241, 244 (3d Cir. 2004) (internal quotation marks omitted); see also Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 42 (2008) (noting "liberal construction" given to the WCA). "The result of this broad definition is that the acceptance of workers' compensation benefits from one employer will preclude a common law tort action brought by the employee against another employer." Marino, 358 F.3d at 244.

Under New Jersey law, non-primary employers are called "special employers," and are identified using a five-factor test. Id. These factors are:

> 1) whether there is an express or implied contract for hire between the employee and the employer; 2) whether the work being done is that of the employer; 3) whether the employer has a right to control the details of the work; 4) whether the employer pays the employee's wages or benefits; and 5) whether the employer can hire or fire the employee.

Id. None of the factors are "necessarily dispositive," but the right to control the details of an employee's work has been given special importance by New Jersey courts. Id.; see also Blessing v. T. Shriver Co., 228 A.2d 711, 713 (N.J. Super. Ct. App. Div. 1967).

The district court properly applied this five-factor test and concluded that, while Al-Khazraji's primary or "general" employer was a private contractor that supplied personnel, including foreign-language speakers like Al-Khazraji, for training simulations, the United States was a special employer of Al-Khazraji. Notably, there was substantial evidence in the record that the United States had the right to, and did, control the details of Al-Khazraji's work. Under New Jersey law, it is the *right* to control the employee's work, and not the extent to which that right is exercised, that is the critical factor. See Mahoney v. Nitroform Co., 20 N.J. 499, 506 (1956) (Brennan, J.). And in this case, the United States unquestionably had that right under the terms of the contract between the United States and Al-Khazraji's primary employer, which gave the United states the right to control, among other things, the hours of work, the number of role-players needed, the time and place of work and working conditions, and safety briefing and orientation training. In any event, the record also demonstrates that United States military personnel exercised that control,

including running al-Khazraji's orientation, giving him a safety briefing before each simulation began, giving him direct instructions during the simulations, and effectively terminating his services when he became involved in an altercation. Given that evidence, as well as the evidence supporting the other four factors, the district court properly determined that the United States was a "special employer" within the meaning of New Jersey's workers' compensation scheme.

Because Al-Khazraji concedes that he is receiving workers' compensation benefits from another employer for his injury, he is precluded by New Jersey's WCA from bringing the instant common law tort action against his special employer, the United States. Marino, 358 F.3d at 244. Because the United States, if a private employer, would not be liable to Al-Khazraji under New Jersey law, the FTCA does not waive sovereign immunity, and the district court correctly determined that it lacked subject matter jurisdiction over this case. See Makarova v. United States, 201 F.3d 110, 116 (2d Cir. 2000).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court